UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **JENNIFER SIDERITS, MIA NEWTON,** and **RITA GRIFFIN** on behalf of themselves and all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **CURATIVE CARE NETWORK, INC.,** <br><br> **Defendant.** | CIVIL ACTION No. _____ <br><br> COLLECTIVE AND CLASS ACTION COMPLAINT |

## COMPLAINT

Plaintiffs Jennifer Siderits, Mia Newton, and Rita Griffin on behalf of themselves and all other plaintiffs similarly situated (collectively "Plaintiffs") by and through their legal counsel, Cross Law Firm, S.C., Nola J. Hitchcock Cross, Mary C. Flanner, and William Wetzel, as for their Complaint against Defendant Curative Care Network, Inc. seeking remedies for unpaid wages under Wisconsin and federal law state as follows:

## NATURE OF ACTION

1. This lawsuit is brought as Individuals and Representatives in a collective and a class action by Plaintiffs Jennifer Siderits, Mia Newton, and Rita Griffin on their own behalf and on behalf of other similarly situated current and former employees who work or have worked as Job Developers, Case Managers, or Registered Nurses for Curative Care Network, Inc.

2. While employed in these positions, Plaintiffs Siderits, Newton, and Griffin, and the employees in the respective collective and putative classes were not paid by Curative for all

1

hours worked in excess of 40 hours a week. As a result, Curative failed to properly compensate plaintiffs Siderits, Newton, and Griffin, and other similarly situated employees at the mandated overtime rate for all hours worked in excess of 40 in a work week in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended and in violation of the Wisconsin wage and hour laws.

3. Plaintiffs Siderits, Newton, and Griffin, bring this action on behalf of themselves and other similarly situated current and former employees as a collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically pursuant to 29 U.S.C. §216(b) for the purposes of seeking unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and any other such relief the Court may deem appropriate.

4. Plaintiffs Siderits, Newton, and Griffin bring this action, on behalf of themselves and other similarly situated current and former employees as a class action pursuant to F.R.C.P. 23 for purposes of obtaining relief under Wisconsin's wage payment and collection laws ("WPCL") pursuant to Sections 104.001 *et seq.* and 109.01 *et seq.* of the Wisconsin Statutes, and Wisconsin Administrative Code Sections DWD 272.001 *et. seq.* and 274.01 *et. seq.*

5. This Action is brought because Curative failed to pay wages to Plaintiffs and other similarly situated employees for all time worked in excess of 40 hours in individual work weeks under an illegal pay policy. Under this policy, Plaintiffs and other similarly situated employees worked in the stated positions and were suffered and permitted to perform work for Defendant for which they were not compensated. Defendant's failure was willful.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

7. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as they are so related in this action that they are a part of the same case or controversy under Article III of the United States Constitution.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant does business in this district and the events giving rise to these claims occurred in this district. Defendant Curative Care Network, Inc. has substantial and systematic contacts in this district.

**PARTIES**

9. Defendant Curative Care Network, Inc. is a Wisconsin corporation doing business in Wisconsin with a principal place of business located at 1000 North 92nd Street, Milwaukee, WI 53226. Its registered agent for service of process is its CEO, Candace Hennessy, at that same address. At all times relevant hereto, Curative Care Network, Inc. was an employer asdefined in the FLSA and in the WPCL.

10. At all relevant times, Defendant was an enterprise engaged in activities for a business purpose within the meaning of 29 U.S.C. § 203(s)(1).

11. Plaintiff Jennifer Siderits ("Siderits") is an adult resident of Brookfield, Wisconsin. Plaintiff Siderits was employed by Defendant as a Job Developer and as a Case Manager in Wisconsin during the three year period preceding the filing of this Complaint.

12. Plaintiff Mia Newton ("Newton") is an adult resident of Menomonee Falls, Wisconsin. Plaintiff Newton was employed by Defendant as a Case Manager in Wisconsin since May 2016.

3

13. Plaintiff Rita Griffin ("Griffin") is an adult resident of Brown Deer, Wisconsin. Plaintiff Griffin was employed by Defendant as a Registered Nurse in Wisconsin during the three year period preceding the filing of this Complaint.

14. Plaintiffs' Notices of Consent to Join this collective action pursuant to 29 U.S.C. §216(b) are attached as Exhibit A and are hereby made a part of this Complaint.

15. Plaintiffs Siderits, Newton, and Griffin bring this action on behalf of themselves and all other similarly situated employees in the FLSA class, as authorized under FLSA, 29 U.S.C. §216(b). The FLSA Collective Class is defined as follows:

> All persons who are or have been employed by Defendant as Job Developers or Case Managers or Registered Nurses who worked in excess of forty hours in a work week and who were not paid for this work at any time within three years prior to the filing of this action.

16. Plaintiffs Siderits, Newton, and Griffin bring this action on behalf of themselves and all other similarly situated employees in the Wisconsin Class pursuant to Fed. R. Civ. P. 23. The Wisconsin Rule 23 Class is defined as follows:

> All persons who are or have been employed by Defendant as Job Developers or Case Managers or Registered Nurses who worked in excess of forty hours in a work week and who were not paid for this work at any time within two years prior to the filing of this action.

## GENERAL ALLEGATIONS

17. Curative Care Network, Inc.'s business revolves around providing services for the elderly and for children and adults with disabilities.

18. Curative Care Network, Inc. (Curative or Defendant) employed Plaintiffs, and others similarly situated, as Job Developers for adults with physical, developmental, or intellectual disabilities and as Registered Nurses and Case Managers to provide services for frail, elderly, and for adults with physical, developmental, or intellectual disabilities through a

4

program contracted with Family Care. That unit was eliminated on June 1, 2017 after Curative no longer contracted with Family Care for those services.

19. Plaintiff Jennifer Siderits became employed by Curative Care Network, Inc. in August 2012 as a Job Developer and later accepted a new position as a Case Manager in Adult Case Management Services for Family Care on or around June 2016. She worked for Defendant in that capacity until May 31, 2017.

20. Plaintiff Mia Newton became employed by Curative Care Network, Inc. in May 2016 as a Case Manager in Adult Case Management Services for Family Care and she worked for Defendant in that capacity until May 31, 2017.

21. Plaintiff Rita Griffin became employed by Defendant as a Registered Nurse in Adult Case Management Services for Family Care on or around May 2014 and worked for Defendant in that capacity until May 31, 2017.

22. In Adult Case Management Services for Family Care, Defendant employed up to approximately 5 Job Developers at one time, employed up to approximately 15 Case Managers at one time, and approximately 10 RNs at one time. There was high turnover in all positions.

23. Defendant classified Plaintiffs and other similarly situated Job Developers and the Case Managers and Registered Nurses in Adult Case Management Services for Family Care as non-exempt from the FLSA.

24. Defendant paid Plaintiffs and other similarly situated Job Developers, Case Managers, and Registered Nurses on an hourly basis.

25. The non-compliant practices as alleged herein are part of a practice and policy of requiring off the clock work by a group or "class" of past and present employees. These past and

5

present employees are entitled to receive Notice of these proceedings and afforded the opportunity to join their individual claims.

26. The FLSA Collective Class' putative members work or have worked as Job Developers, Case Managers, and Registered Nurses in Adult Case Management Services for Family Care for Curative over various times in the last three years before this case was filed.

27. The Wisconsin Rule 23 Class' putative member employees are members who work or have worked as Job Developers, Case Managers, and Registered Nurses in Adult Case Management Services for Family Care for Curative over various times in the last two years before this case was filed.

28. Management including Candace Hennessy, the CEO, and the supervisors working under her, declared that no overtime would be paid even though they knew or should have known that the care of the clients required hours beyond 40 hours, and knew that employees were working unpaid overtime.

29. At all times relevant to this complaint, Defendant caused or suffered and permitted its Job Developers, Case Managers, and Registered Nurses in Adult Case Management Services for Family Care to work more than forty (40) hours each week.

30. At all times relevant to this complaint Defendant has had or should have had actual knowledge that its Job Developers, Case Managers, and Registered Nurses in Adult Case Management Services for Family Care were frequently working more than forty (40) hours each week. For example, the recommended case load for Case Managers is 40 clients, and Curative regularly assigned its Case Managers to 50 or more clients -- and at times almost 70 clients.

31. Defendant systematically refused to pay the described Job Developers, Case Managers, and Registered Nurses for hours they worked in excess of forty (40).

6

32. Job Developers provide services to assist the clients in obtaining employment including documenting services and costs, preparing plans of employment, consulting on the telephone, meeting with the clients at their home or facility where they are during the day, and meeting with prospective employers and others.

33. Case Managers provide day-to-day case management services including documenting care and its costs, preparing plans of care, identifying and implementing medical services, consulting on the telephone, and meeting with the clients at their home or facility where they are during the day. They provided services to adults in the Family Care Program.

34. Registered Nurses' duties overlap with those of the Case Managers but are more focused on the medical aspects of care including checking clients' medications and performing physicals or other medical evaluations. They provided services to adults in the Family Care Program.

35. At all times relevant to this complaint, Plaintiffs Siderits, Newton, Griffin, and other similarly situated employees, were paid on an hourly basis. They were not paid a salary.

36. At all times relevant to this complaint, Plaintiffs Siderits, Newton, Griffin, and other similarly situated employees' scheduled hours of work were Monday through Friday from 8:00 A.M. until 4:30 p.m. Curative required them to deduct a thirty-minute lunch break even when the lunch break was not taken.

37. Due to their heavy workloads, Plaintiffs Siderits, Newton, Griffin, and other similarly situated employees, only occasionally were able to take an actual break for lunch although the break period was deducted. Thus the lunch break time was not paid and considered work off the clock.

38. Curative knew that many of the employees did not take lunch break yet required that the time be deducted.

39. Defendant required its Job Developers, Case Managers, and Registered Nurses to complete tasks regardless of how much time the work required.

40. This fixed amount of work varied, some depending on the individual employee's case load, however it regularly required that Plaintiffs and other similarly situated employees work for more than forty (40) hours each week.

41. As such, Plaintiffs were entitled to overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during a work week.

42. Plaintiffs recorded their hours worked each day using timecards that they filled out. Defendant managers instructed Plaintiffs who worked more than forty hours in a week to only write down eight (8) hours each day, regardless of how many more hours than 40 they worked.

43. Defendant managers required the recorded time to be limited to 8 hours even though employees complained to them on multiple occasions that they were not getting paid for all hours worked.

44. Defendant routinely suffered and permitted Plaintiffs and similarly situated Job Developers, Case Managers, and Registered Nurses to work more than forty (40) hours each week, and required them to work off the clock and failed to pay them the required overtime premium for all hours worked over forty (40). They were required to work off the clock.

45. Evidence of Defendant's knowledge of this uncompensated work includes:

8

a. Defendant measured the productivity of Plaintiffs and similarly situated Job Developers, Case Managers, and Registered Nurses by recording how many minutes each employee spent working on each case. The productivity measurements will show that Plaintiffs and other similarly situated Job Developers, Registered Nurses, and Case Managers were working more than forty (40) hours each week. Defendant's management-level employees reviewed these productivity metrics and therefore knew or should have known that Plaintiffs and similarly situated Job Developers, Registered Nurses, and Case Managers were working without being properly compensated.

b. By June 2016, staff was told no overtime would be paid, yet the work load did not decrease and Job Developers, Registered Nurses and Case Managers were required to comply with case requirements to meet client needs which meant they were required to work overtime without pay.

c. The Director of Care Management, Erin O'Brien, told Plaintiffs and other similarly situated Registered Nurses and Case Managers not to put more than 8 hours on their time cards.

d. When Siderits turned in a time card and complained that limiting her time on it to 40 hours was a joke, O'Brien responded with words to the effect of: "It is what it is if you want a job."

e. Managers Tracy Badura and Kim Nowak told Siderits and others on more than one occasion to make their recorded minutes reflect 8 hours even when more time was spent.

  f. Plaintiffs and other similarly situated Registered Nurses, Case Managers, and others working in the Family Care program were present at a staff meeting held by Defendant's managers, Badura, Nowak, and Maureen Collins on or around December 13, 2016 when the employees were told their caseloads would be going up. Since caseloads were to increase, the required hours to complete the work would increase. Employees unequivocally complained that they were already working unpaid overtime. Badura stated that when she was a case manager she did not get paid overtime and that was just the job. Collins acknowledged that not paying overtime when it was worked was a violation of wage laws.

  g. Plaintiffs and other similarly situated Job Developers, Registered Nurses, and Case Managers had high caseloads which were far above industry standards and by necessity required more work hours than 40 hours per week to comply with regulations and patient needs.

46.  Curative's Job Developers, Case Managers, and Registered Nurses, including Plaintiffs, regularly worked off the clock, and therefore were deprived of overtime, because they were expected to timely finish all tasks for their assigned caseload and not record overtime. Plaintiffs Siderits, Newton, and Griffin, and the other putative class members, were regularly not compensated the mandated overtime for all hours worked in excess of 40 hours in a work week as required by the FLSA and Wisconsin law.

47.  Curative's conduct, as alleged, constitutes a willful violation of law because at all relevant times, Defendant knew or should have known that its employees were working and being suffered to work more than forty (40) hours each week and were not being compensated

properly. Defendant knew or should have known that its compensation policies and practices violated the law and therefore its violations were willful and intentional.

## COLLECTIVE CLASS ALLEGATIONS UNDER THE FLSA

48. Plaintiffs, and the FLSA Collective Class that they bring this action on behalf of, are similarly situated because they have been subject to the same illegal policies, practices, and payment scheme in that they have been entitled to but denied overtime for all hours worked in excess of forty each work week. The Plaintiffs' claims for unpaid overtime as stated herein are the same as those of the FLSA class they seek to represent.

49. Plaintiffs and the Collective Class are similarly situated because they have performed the same work, have been subjected to the same direction and control of Defendant, and have similarly not been paid money to which they are entitled.

50. Plaintiffs Siderits, Newton, and Griffin, and the FLSA class, seek relief on a collective basis and challenge Curative's uniform policies and pay practices, as stated herein, which have led to FLSA overtime wage violations since 2014.

51. As a result of the above alleged uniform pay practices and policies, Curative has failed to pay Plaintiffs Siderits, Newton, and Griffin, and the FLSA collective class, the federal overtime wage for all hours worked in a work week in excess of 40 hours since before 2014 in violation of the FLSA.

52. The FLSA Collective Class is readily ascertainable. For purposes of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Curative. Notice can be provided to the FLSA Collective class via first class mail to the last address known to Curative and through postings at its office and areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

53. Plaintiffs Siderits, Newton, and Griffin bring their Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under Fed. R. Civ. P. 23, on behalf of the Wisconsin Class for violations occurring on or after two years before the date of filing this case.

54. The proposed Wisconsin class members are readily ascertainable and can be determined from Curative's records.

55. The proposed Wisconsin Rule 23 Class is so numerous that joinder of all members is impracticable and disposition of their claims of a class will benefit the parties and the Court. While the precise number is unknown, as the facts for the calculation of that number are presently within the sole control of Curative, upon information and belief, there are over 25 members of the Wisconsin Class.

56. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Wisconsin Rule 23 Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims of Plaintiffs Siderits, Newton, and Griffin, and Wisconsin putative class members, arise out of the same company wide practices and/or policies of Curative, and Curative benefits from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rule 23 Class. Plaintiffs Siderits, Newton, and Griffin, and other members of the Wisconsin Class, sustained similar losses, injuries, and damages from the same unlawful policies, practices, and procedures.

57. Plaintiffs Siderits, Newton, and Griffin are able to fairly and adequately protect the interest of the Wisconsin Class, have no interests antagonistic to the Wisconsin Class, and have retained counsel experienced in wage and hour litigation.

58. There are questions of fact and law to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Curative's actions include, without limitation, the following:

   a) Whether Curative violated Wisconsin's minimum wage requirements by its common policy and practice of not paying Plaintiffs and Wisconsin Class members for time worked over 40 hours.

   b) Whether Curative violated Wisconsin's minimum wage requirements by its common policy and practice of not paying Plaintiffs and Wisconsin Class members for time worked during lunch breaks.

   c) Whether Curative violated Wisconsin's overtime wage requirements by its common policy and practice of not paying Plaintiffs and Wisconsin Class members for time worked over 40 hours.

   d) Whether Curative violated Wisconsin's overtime wage requirements by its common policy and practice of not paying Plaintiffs and Wisconsin Class members for time worked during lunch breaks.

   e) Whether Curative violated Wisconsin's agreed-upon wage requirements by its common policy and practice of not paying Plaintiffs and Wisconsin Class members for time worked over 40 hours.

   f) Whether Curative violated Wisconsin's agreed-upon wage requirements by its common policy and practice of not paying Plaintiffs and Wisconsin Class members for time worked during lunch breaks.

   g) Whether Curative's actions were willful, dilatory and unjust violations of Wisconsin law.

59. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lacked financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

60. The questions that forth above predominate over questions that affect only individual persons in a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness, and equity, to other available methods for fair and efficient adjudication of the claims.

### **Count I – Violations of FLSA**

61. Plaintiffs, on behalf of themselves and the FLSA class, re-allege and incorporate by reference all paragraphs set forth above as if fully restated herein.

62. Since 2014 or date of first employment, plaintiffs Siderits, Newton, and Griffin, and the FLSA Class, have been entitled to the rights, protections, and benefits provided under FLSA, 29 U.S.C. § 201 et seq.

63. At all times relevant, Defendant Curative Care Network, Inc. is and was subject to the overtime pay requirements of the FLSA because it is a covered enterprise within the meaning of 29 U.S.C. §203(s)(1).

64. At all times relevant, Defendant Curative Care Network, Inc. was an employer of Plaintiffs and the Collective Class within the meaning of 29 U.S.C. §203(d).

65. At all times relevant, Plaintiffs and members of the Collective Class were employees within the meaning of 29 U.S.C. §203(e).

66. At all times relevant, Defendant Curative Care Network, Inc. was an employer of Plaintiffs Siderits, Newton, and Griffin, and the FLSA class as provided under the FLSA.

67. At all times material herein, Plaintiffs and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

68. Plaintiffs and the Collective Class are victims of uniform and company-wide policies and practices in violation of the FLSA in failing to pay them overtime premiums for all hours worked in excess of forty each work week.

69. Defendants have violated the FLSA by failing to keep accurate records of all hours worked by Job Developers, Case Managers, and Registered Nurses.

70. The FLSA exempts certain employees from overtime pay. None of these exemptions apply to Plaintiffs and the FLSA Class.

71. In one or more individual work weeks during the previous 3 years, Plaintiffs and other similarly situated employees worked in excess of 40 hours per week for Defendant, were not paid all wages owed, and were not paid at one and one-half times the regular rate of pay for the time worked in excess of 40 hours.

72. As a result of the above practices, Curative violated 29 U.S.C. § 207 et seq. by failing to compensate Plaintiffs and the FLSA class at the federally mandated rate of one and one-half times the regular rate of pay for all time worked in excess of 40 hours in individual work weeks.

73. As such, Plaintiffs and the FLSA Class are entitled to damages equal to the mandated overtime wages for all overtime hours worked since 2014.

74. Curative's failure to properly compensate Plaintiffs and the FLSA Class was willfully perpetrated and they are therefore entitled to recover unpaid wages dating as far back as 2014.

75. Curative willfully violated the FLSA by failing to pay Plaintiffs and other similarly situated employees overtime pay for all time worked in excess of 40 hours per week in individual work weeks.

76. Defendant had no reasonable grounds to believe its actions were not a violation of the FLSA.

15

77. As such, Plaintiffs and the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium, pursuant to 29 U.S.C. § 216 (b).

78. Alternatively, should the Court find that Curative did not act willfully in failing to pay overtime premiums, Plaintiff and the FLSA Class are entitled to an award of pre-judgment interest.

79. Pursuant to 29 U.S.C. § 216 (b) Plaintiffs and the FLSA Class are entitled to their reasonable attorneys' fees and costs expended in bringing this action.

## Count II – Violations of Wisconsin Wage Payment Laws

80. Plaintiffs Siderits, Newton, and Griffin, individually and on behalf of the Wisconsin Class, re-allege and incorporate by reference all paragraphs set forth above as if fully restated herein.

81. Plaintiffs and the Wisconsin Class are also entitled to overtime pay pursuant to Wisconsin Wage Payment Laws, Sections 104.001 *et seq.* and 109.01 *et seq.* of the Wisconsin Statutes, and Wisconsin Administrative Code Sections DWD 272.001 *et seq.* and 274.01 *et seq.*

82. Plaintiffs and the Wisconsin Class are employees within the meaning of Wis. Stat. § 109.01(1r), §§103.001 *et seq.* §§104.01 *et seq.* and the Wis. Admin. Code DWD 272.001 *et seq.* and DWD 274.01 *et seq.*

83. Curative is an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*; §§109.01 *et seq.*; §§103.001 *et seq.*; Wis. Admin. Code DWD 272.001 *et seq.*; and DWD 274.01 *et seq.*

84. Since 2015, Curative has employed Plaintiffs and has or continues to employ the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*; §§109.01 *et seq.*; §§103.001 *et seq.*; Wis. Admin. Code DWD 272.001 *et seq.*; and DWD 274.01 *et seq.*

85. At all times material herein, Plaintiffs and the Wisconsin Class have been entitled to the rights, protections, and benefits provided under Wisconsin Wage Payment Laws including overtime premiums for all hours worked in excess of forty each work week.

86. Plaintiffs and the Wisconsin Class are victims of Curative's uniform and company-wide policies and practices in violation of Wisconsin Wage Payment Laws.

87. Defendant has violated Wisconsin Wage Payment Laws by failing to pay Plaintiffs and the Wisconsin Class even the minimum wage for hours worked in excess of forty each work week.

88. Defendant has violated Wisconsin Wage Payment Laws by failing to pay Plaintiffs and the Wisconsin Class even the minimum wage overtime premiums for all hours worked in excess of forty each work week.

89. Defendant has violated Wisconsin Wage Payment Laws by failing to pay Plaintiffs and the Wisconsin Class agreed-upon wages for all hours worked.

90. Wisconsin Wage Payment Laws exempt certain employees from overtime pay. None of these exemptions apply to Plaintiffs and the Wisconsin Class.

91. Wis. Stat. §109.03 requires payment of all wages earned by employees to be paid not more than 31 days prior to the date of payment.

92. The above described conduct constitutes willful, dilatory, and unjust violations of Wisconsin's law requiring payment of overtime wages.

93. As set forth above, plaintiffs and the Wisconsin Class have sustained losses in their compensation as a proximate result of Curative's violations. Accordingly plaintiffs, individually and on behalf of the Wisconsin Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Curative to cease and desist from its violations of the Wisconsin laws described here-in, to comply with them, and such other legal and equitable relief as the Court deems just and proper.

94. Defendant's failure to pay correct wages to Plaintiffs and the Wisconsin Class was willfully perpetrated.

95. Defendant had no reasonable grounds to believe its actions were not a violation of Wisconsin Wage Payment Laws.

96. As such, Plaintiffs and the Wisconsin Class are entitled to recover an award of civil penalties equal and up to fifty percent of the unpaid wages, pursuant to Wis. Stat. § 109.11.

97. Plaintiffs and the Wisconsin Class are entitled to payment by Curative of their reasonable attorneys' fees and costs expended in bringing this action pursuant to Wis. Stat. §109.03(6).

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs on their own behalf and on behalf of all members of the Classes, the following relief:

   a) An Order designating this action as a collective action on behalf of the FLSA Class and issuance of Notices pursuant to 29 U.S.C. §216 (b) to all similarly situated current and former employees of Curative Care Network, Inc. informing them of the nature of this action, and of their right to opt-in to this action;

   b) An Order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the proposed Wisconsin Class;

   c) An Order appointing Cross Law Firm S.C., as class counsel for the Classes;

d) An Order designating Plaintiffs Siderits, Newton, and Griffin as Representatives of the Classes as set forth herein;

e) For leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

f) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§221 – 2202, declaring Defendant's actions as described here-in to be unlawful and in violation of Wisconsin law;

g) An order finding that Defendant violated the FLSA and Wisconsin wage and hour laws;

h) An order finding that Defendant's violations were willful, dilatory, and unjust;

i) Judgment against Defendant in an amount equal to Plaintiffs, the FLSA Class, and the Wisconsin Class' unpaid wages at the applicable minimum wage rates;

j) Judgment against Defendant in an amount equal to Plaintiffs, the FLSA Class, and the Wisconsin Class' unpaid overtime wages;

k) Judgment against Defendant in an amount equal to Plaintiffs and the Wisconsin Class' unpaid wages at the applicable agreed-upon wages rates;

l) Judgment in the amount of liquidated damages under the FLSA, and civil penalties under Wisconsin laws;

m) An award in the amount of all costs and attorneys' fees expended in the course of litigating this action, pre-judgment, and post-judgment interest; and

n) Such further relief as the Court deems just and equitable.

**[Remainder of page left intentionally blank]**

Dated this 20th day of December, 2017.

        Respectfully submitted,

        Attorneys for Plaintiffs
        **Cross Law Firm, S.C.**

        <u>s/Mary C. Flanner</u>
        Mary C. Flanner
        SBN #1013095
        Nola J. Hitchcock Cross
        SBN #1015817
        William Wetzel
        SBN #1093711
        Cross Law Firm, S.C.
        The Lawyers' Building
        845 North 11th Street
        Milwaukee, WI 53233
        (414) 224-0000 (office)