UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **JENNIFER SIDERITS, MIA NEWTON,** and **RITA GRIFFIN** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CURATIVE CARE NETWORK, INC.,**<br><br>Defendant. | Case No. 17-cv-1773 |

## JOINT MEMORANDUM IN SUPPORT OF MOTION TO APPROVE SETTLEMENT OF PLAINTIFFS' CLAIMS

Plaintiffs, Jennifer Siderits, Mia Newton, and Rita Griffin, on behalf of themselves and all others similarly situated, through their attorney Mary C. Flanner of Cross Law Firm, S.C., and Defendant, Curative Care Network, Inc., through its attorney Kristofor L. Hanson of Lindner & Marsack, S.C. submit this Joint Memorandum in Support of their Motion to Approve Settlement of Plaintiffs' Claims, which seeks approval of the settlement of this collective action. As set forth in detail below, because the terms of the settlement are fair, reasonable, and adequate, the parties jointly request that this Court grant final approval of the settlement and dismiss Plaintiffs' complaint with prejudice.

## INTRODUCTION

Plaintiffs are former employees who worked for Curative Care Network, Inc. ("Curative"). On December 20, 2017, Plaintiffs filed a lawsuit on their own behalf and on behalf of other similarly situated former employees who have worked for Curative. As of May 31, 2017, Curative

no longer had a contract for the My Choice program they had worked in. Plaintiffs alleged that Curative failed to properly compensate Plaintiffs and other similarly situated employees at the mandated overtime rate for all hours worked in excess of 40 in a work week, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Wisconsin wage and hour laws, Wis. Stat. §§ 104.001, *et seq.*, 109.01, *et seq.*, and Wis. Admin. Code §§ DWD 272.001, *et seq.*, 274.01, *et seq.*.

On September 25, 2018, the parties filed a Joint Stipulation to Conditionally Certify a Collective Action Pursuant to § 216(b) of the Fair Labor Standards Act. (Dkt. No. 32). On November 27, 2018, the Court granted the parties' Joint Stipulation (Dkt. No. 34), and conditionally certified the following class:

> Case managers and registered nurses employed by Curative for the My Choice Family Care Program as hourly paid, non-exempt employees who worked in excess of forty (40) hours in any workweek during the representative time period beginning on December 20, 2014 and ending on May 31, 2017 and who were not paid overtime wages for all hours worked in excess of 40.

(Dkt. No. 34).

Thereafter, Cross Law Firm mailed out notices regarding the employees' right to join the lawsuit for unpaid wages against Defendant. (Dkt. No. 32-1). The notices informed the putative collective members that they were required to submit "Consent to Join" Forms to assert their FLSA claims within 45 days from the mailing of the Notice of Right to Join Lawsuit by Collective Action Counsel. In total, ten former employees, including Jennifer Siderits, Mia Newton, Rita Griffin, Kelly G. Mattox, Jr., Sam Soppa, Susan Dushek, Randall Wiese, Kathleen E. Nye, LaToya Russell, and LaRhonda Long submitted consent to join forms.

The damages, wages, and liquidated damages for these individual were calculated as follows: (1) Jennifer Siderits: $11,431.22, (2) Mia Newton: $5,171.70, (3) Rita Griffin:

2

$12,300.97, (4) Kelly G. Mattox Jr.: $5,893.43, (5) Sam Soppa: $9,720.63, (6) Susan Dushek: $4,302.07, (7) Randall Wiese: $5,024.05, (8) Kathleen E. Nye: $6,755.84, (9) LaToya Russell: $2,350.77, and (10) LaRhonda Long: $3,595.30.

Defendant denies that it violated any federal, state, or local wage and hour laws, and denies all of Plaintiffs' claims and allegations as set forth in the Complaint. Defendant maintains that its actions and decisions were lawful in all respects and that the ten individuals were properly paid overtime wages for all hours worked in excess of 40 in the workweeks between December 20, 2014 and May 31, 2017.

However, the parties have reached an agreement to settle the claims asserted in the Complaint. A copy of the parties' Settlement Agreement and General Release is provided with this Motion as Exhibit 1. The attorney fees are 1/3 of the total damages being paid and are paid in addition to those damages. The costs are $575. As required to resolve FLSA actions, the parties submit this Joint Memorandum in Support of their Motion for Approval of their Settlement Agreement.

## ARGUMENT

When employees file suit against an employer to recover back wages under the FLSA, the parties must present any proposed settlement to the Court for review and determination of whether the settlement is fair and reasonable. *See Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010). "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.*; *Smoot v. Wieser Bros. Gen. Contr.*, Case No. 15-cv-424-jdp, 2016 U.S. Dist. LEXIS 57148, at *16 (W.D. Wis. Apr. 28, 2016). Generally, courts will approve a settlement where it is "the result of

'contentious arm's-length negotiations, which were undertaken in good faith by counsel…and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Burkholder*, 750 F. Supp. 2d at 994.  In determining the fairness of a settlement, courts generally consider the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendant to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.  *Smoot*, 2016 U.S. Dist. LEXIS 57148, at *16.

Here, the factors support approval of the parties' joint settlement agreement.  First, the settlement was reached after extensive discovery and after arm's-length negotiations between experienced counsel. In determining a fair, equitable, and efficient resolution of this case, the parties have considered the potential damages of the Named and opt-in Plaintiffs, the strengths and weaknesses of the Plaintiffs' claims and the defenses available to those claims, and the uncertainties and costs of continued litigation.  In analyzing these factors and the results of the parties' discovery thus far, the parties have considered a realistic amount of a jury verdict, which is thought to be in the range of $66,546.00 in damages.

Defendant maintains that potential liability in this case is limited because it regularly issued appropriate overtime compensation to its employees.  Time records establish that overtime compensation was, in fact, paid. However, the named and opt-in Plaintiffs' claims revolve around undocumented work hours and undocumented flexing of time.  As such, if this case is not resolved,
4

it will require further discovery and depositions of each of the nine Plaintiffs. Additionally, the Plaintiffs' time, payroll, and other records will need to be scrutinized in comparison with their testimony. This discovery will likely take several months and cause Plaintiffs and Defendant to incur substantial discovery costs. Considering these costs along with the risks with trial, the parties agreed that the amount of settlement was not only reasonable, but also favorable, and benefits all parties by avoiding long, drawn-out litigation.

In determining this amount, the parties calculated potential damages as follows:

a. The Parties first determined, based upon available records, which are presumed to be valid, or based upon a reasonable extrapolation from such records, the number of weeks worked and overtime hours worked by each Collective Member from December 20, 2014 and ending on May 31, 2017. Since the claim in this Litigation is based on the fact that the Collective Members did not record overtime hours, the Parties approximated the number of overtime hours worked for those Collective Members employed as Case Managers and those employed as Registered Nurses.

b. Each Collective Member's approximated number of overtime hours worked was then multiplied by his or her last rate of pay at the last date of employment, derived from Company records (Hourly Rate), during the period in which the overtime hours accrued. That computation, overtime hours multiplied by Hourly Rate, yielded a total individualized settlement amount for each Collective Member.

c. The final Settlement Amount will be distributed on a pro rata basis according to the spreadsheet provided in the Declaration of Mary C. Flanner in Support of the Joint Motion for Approval of Settlement in proportion to each Collective Member's respective individualized settlement amount.

d. The final Settlement Amount includes payment of attorney fees of $23,515.33 and $575 for costs.

As such, the parties have agreed to a settlement agreement which provides the Named and opt-in Plaintiffs with compensation that will be substantially equivalent to their potential alleged damages for overtime pay. The overall settlement amount represents a fair resolution of this matter because it mitigates the risk of Plaintiffs failing to recover at all at trial.

The Named Plaintiffs, as well as the opt-in Plaintiffs are aware of the proposed settlement and have not expressed any criticism or dispute of the proposal. The parties request that the Court

retain jurisdiction over the case solely to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

## CONCLUSION

As the above facts establish, the proposed settlement agreement is fair and equitable and was negotiated in good faith to resolve the disputes in this case. Accordingly, parties respectfully request that this Court approve the attached settlement agreement as a fair and equitable resolution, and dismiss Plaintiffs' claims with prejudice in their entirety,

Dated this 11th day of December, 2019.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| **s/Mary C. Flanner** | **s/Kristofor L. Hanson** |
| Mary C. Flanner (#101305) | Kristofor L. Hanson (#1055122) |
| mflanner@crosslawfirm.com | khanson@lindner-marsack.com |
| William Wetzel (#1093711) | Samantha J. Wood (#1091367) |
| wetzel@crosslawfirm.com | swood@lindner-marsack.com |
| Nola J. Hitchcock Cross (#1015817) | |
| njhcross@crosslawfirm.com | |
| | |
| Cross Law Firm, S.C. | Lindner & Marsack, S.C. |
| 845 N. 11th Street | 411 East Wisconsin Avenue |
| Milwaukee, WI 53233 | Suite 1800 |
| Phone: (414) 224-0000 | Milwaukee, WI 53202 |
| Fax: (414) 273-7055 | Phone: (414) 273-3910 |
| | Fax: (414) 273-0522 |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendant |